First, we have motion argument. And then the panel has decided to hear the cases out of the order that they're listed here, which will become clear to you in the fullness of time. The first case is on our motion calendars, United States v. Georgina Fisher. Good morning, Your Honors. May it please the Court, my name is Randall P. Andreozzi, and I represent Georgina Fisher, and I want to thank you for the opportunity to be heard on this motion. In this case, Ms. Fisher was deprived of her Fifth and Sixth Amendment rights through violations by the prosecutor, the government of the United States. She is now without funds to fund counsel of her choice in this case because of those violations. The magistrate judge in the case acknowledged that, understood that, and gave her a remedy. The remedy was dismissal of the case. He recommended that remedy. The district court judge rejected that recommendation and determined that Ms. Fisher warranted no remedy. You're not addressing the key question, which is whether this is a final order, whether we have jurisdiction, because none of these are final orders that can all be reviewed at the time of the ultimate appeal if there's a conviction. Your Honor, on that point, it's our position that this is a final order in our opinion. The issue in the case goes to the fundamental conduct, further conduct of this case. The order is a dismissal, whether there's a dismissal here, but it's really a remedy to cure Ms. Fisher of the fact that she no longer has funds to fund counsel of choice in the case. Under section 1291, there's a requirement for a final order. The courts have held that that requirement should be a practical one and not a technical one. There should be a balance between weighing the inequities or the inconveniences of piecemeal litigation before this court versus doing justice to the parties. In this case, there's . . . It's true over in state court, but in criminal cases, it's very, very rare. Double jeopardy, a few limited exceptions to the final judgment rule. Here, of course, she will have counsel. It just won't be counsel of her choice unless counsel of her choice is given a CJA appointment. She will have counsel. Those issues, Your Honor, I would submit are for interlocutory review. For example, under United States v. Parker, the issue of whether counsel should continue in the case based on that was discussed on interlocutory appeal. We have an obligation to Ms. Fisher under Bennett v. McCasey, and we want to honor that obligation. But the government is . . . Why isn't it all available for review on a final judgment? Because Ms. Fisher is going to be without counsel. And then if she is, she'll apply for appointed counsel. That is a fundamental right. She has the right to counsel of her choice, not just to appointed counsel, Your Honor. She is being deprived of that constitutional right. Well, if she can afford counsel, she can get counsel of her choice. If she can't, there will be funds available to get her counsel, like every other defendant in the federal courts. Why is she different? Your Honor, she has the right to counsel of choice . . . Do you think every defendant without funds can go to our CJA panel and pick the counsel they want? In this case, the gravamen of this case is the government's restraint of her own assets to fund her counsel of choice. The government restrained those assets. We fought for a Monsanto hearing. Even if you were right, and even if she gets convicted and then takes an appeal, why can't an appellate court say, just as you're saying now, she was denied counsel of her choice and the matter must be retried? These issues were . . . Monsanto requires interlocutory review. Requires it. Cosme, Cayley, all of those cases required interlocutory review because of the fact that if the case goes forward and she doesn't have counsel of choice, none of these issues may ever be addressed. Of course they can be addressed at the end. If she's convicted, they can be addressed. Without counsel of her choice? Yeah. They can be addressed. Well, Your Honor, I would respectfully submit that the issues presented, whether they're on withdrawal of counsel or counsel of choice, all address the issue . . . have been addressed specifically on interlocutory appeal. Monsanto issues are addressed on interlocutory appeal because of the very reason of the deprivation of the Sixth Amendment right. United States v. Parker was addressed on interlocutory appeal because of the same deprivation or risk of deprivation of that right. We would respectfully submit that in this case, this case is no different from those other cases, except for the fact that the government's misconduct depleted the asset right before they conceded the entire issue in full. Your time has expired. Thank you. You're from the government. Thank you, Your Honor. Thank you. May it please the Court, my name is Joseph Karaszewski. I represent the United States on this appeal. Ms. Fisher's motion should be denied and this appeal should be dismissed because this court lacks jurisdiction. Your Honor, Judge Walker and Judge Newman, you both hit upon the nub of this, and that's that this motion to dismiss is not immediately appealable. Did the government move to dismiss? Pardon me? Did the government move to dismiss? I don't understand your question, Your Honor. Try again. Did the government move to dismiss the appeal? No, Your Honor, we did not. Actually, we responded to the motion of the appellant for permission to file this appeal. In response to that, we indicated that we, that there is. There's no notice of appeal? No, there was a notice of appeal, Your Honor. So there's an appeal? There is an appeal. You think there's no jurisdiction? I do, Your Honor. Usually the government will then make a motion to dismiss it. Yes, Your Honor. The response that the government filed was the motion of the appellant for permission to file the appeal, for leave to file the appeal. And for a determination as to. . . Yes, Your Honor. Do you object to the motion for leave to file an appeal? Oh, yes, Your Honor. We filed a response. We filed a response in which we said that there is no jurisdiction and this should be, this motion should be, or the motion should be denied and the appeal dismissed. Did the other side file a notice of appeal and the motion for leave to, permission to file the appeal simultaneously? No. Filed the notice of appeal shortly after. I'd have to look at the docket, Your Honor, to determine exactly when, but it was shortly thereafter that they filed this motion for leave to appeal. Counsel, state your case for no jurisdiction. There's no jurisdiction because this Sixth Amendment right is not one like a double jeopardy claim or a claim under the Speech and Debate Clause under which a defendant has the right not to be tried. This is an instance where if there was a violation here, it can be brought up on appeal after a final judgment in the event that Ms. Fisher. . . But what counsel is arguing is Ms. Fisher is at a handicap because she doesn't have counsel or counsel of her choice at this stage of the proceedings. The claim is that she does not have access to counsel of her choice because her funds have been. . . The funds that she did have. . . Were restrained by you. Well, they were restrained, but not anymore. And that's why this case is different. This pendant was lifted. It was. Before the court entered any orders, right? That's correct. They could have, at that point, presumably sought a loan based on the house. That's correct, Your Honor. There was protracted litigation granted. The government, shortly after the indictment, did file a Liz pendants which restricted access to the property. So it could not be used at that point to fund. And that's what the whole Monsanto hearing or the Monsanto proceedings were about. Whether or not the government should be required to release that property so that it could be used to fund the defense. After these protracted proceedings, the government decided that this case had gone off the rails. And decided, look, we're just going to lift the Liz pendants and let's get on with the case. That's what happened. Then after that, this motion to dismiss came. But she has, Mrs. Fisher has access to her own funds now? Well, she has access to the property. I understand the argument that counsel is making that those funds have been depleted because of the litigation that has occurred thus far. However, even if that's the case, as Your Honor have indicated, that does not restrict Ms. Fisher's ability to apply for assigned counsel. She's not going to be doing this on her own. She is going to be, as this case goes forward, she will have access to counsel. Be it counsel of her choice or assigned counsel under the CJA. The issue here is whether or not she's entitled to have this case dismissed. When the initial request that she had was, I want my money back. I want my house back so I can use that to fund my defense. Then she got the house back. But at that point, apparently used it up, used up the equity. And I'm glad Your Honor said apparently, Judge Walker, because that's the representation that's been made. I assume as an officer of the court it's accurate, but the district court didn't make any findings. What I'm hearing here is that this is a motion to dismiss the indictment because the client has run out of funds to retain counsel. Yes, Your Honor. That's what it is. Understanding that the claim that's being made is that it was government misconduct, which of course the district court never found that there was any government conduct either before the grand jury or in conducting the litigation. The district court assumed for the sake of argument that if there was a violation, whether dismissal is the appropriate remedy, and it found no. The district court said dismissal is not the appropriate remedy. The appropriate remedy is release the property, which happened long ago in this case. So this court lacks jurisdiction. No jurisdiction under 1292. No jurisdiction under 1291. No jurisdiction pursuant to the collateral order doctrine. Thank you counsel. Thank you both. We'll reserve decision but try and get an order out as soon as possible.